ENGLANDER ET AL., APPELLANTS, *v.* MASSMAN, APPELLEE.

(No. 628—Decided April 5, 1962.)

*Mr. Richard A. Betts,* for appellants.
*Mr. Robert G. Payne,* for appellee.

YOUNGER, J. In this case the plaintiff, Edwin W. Englander, brought suit for damages arising out of a collision between his Oldsmobile automobile and a Ford pick-up truck of the defendant, claiming $822.62 damages to his automobile and $2,800 for injuries.

This is the first case to come before this court involving a contract of insurance which protects and indemnifies the insured against loss or injuries sustained from an uninsured motorist.

The defendant subsequently filed a motion to make The Traveler's Indemnity Company a party to the suit "for the reason that there is existent a contract between plaintiff herein and The Traveler's Indemnity Company by the terms of which plaintiff has assigned any rights of recovery from the defendant, if any, to The Traveler's Indemnity Company." After hearing, the court ordered "that The Traveler's Indemnity Company be made an additional party to this suit and the said The Traveler's Indemnity Company is now, by this ruling, a party herein as fully as if joined as plaintiff or defendant in this cause."

Thereafter, Traveler's filed a pleading, designated "Interpleader," in which it stated that it had in effect a policy of insurance by which it was obligated to and did pay the plaintiff $772.62 as a result of damages to his car caused by defendant, as alleged, in plaintiff's petition, and that by virtue of a subrogation receipt from plaintiff it is entitled to participate in any judgment in favor of plaintiff to such an extent. It further stated that by virtue of such policy of insurance it was obligated to and did pay the plaintiff the sum of $2,800 for bodily injuries sustained by plaintiff "by the acts of the defendant, Herbert Massman all as in plaintiff's petition alleged" and that as a

result of a trust agreement executed by plaintiff, it is entitled to participate in any judgment, or the proceeds thereof, rendered against the defendant on plaintiff's second cause of action to such an extent.

Thereupon, the defendant filed a demurrer "to the second cause of action in plaintiff's petition and demurs to the paper filed by plaintiff and captioned 'Interpleader' for the reasons that:

"(a) Plaintiff, The Travelers Indemnity Company has no legal capacity to sue.

"(b) Facts are not stated which show a cause of action."

Thereafter, the Common Pleas Court, by its journal entry, "now does sustain branch (a) of said demurrer and in so doing finds that (a) plaintiff, The Traveler's Indemnity Company, has no legal capacity to sue * * * ."

The demurrer to branch (b) was overruled, and plaintiff and Traveler's appealed the finding as to branch (a) to this court.

It is to be noted that the court did not strike or dismiss the "Interpleader," nor did it dismiss Traveler's as a party. So far as the record shows, Traveler's is still "a party herein as fully as if joined as plaintiff or defendant in this cause."

The plaintiff Englander, in his brief, states that "the sole question is whether or not the plaintiff Englander is precluded from maintaining this suit for personal injuries because of his contract with The Travelers Indemnity Company and the subsequent receipt and trust agreement from plaintiff Englander to The Travelers Indemnity Company."

With this statement of the question before us, we cannot agree. The trial court overruled branch (b) of the demurrer, and by its journal entry stated: "* * * the court did and now does overrule branch (b) of said demurrer and in so doing finds that the facts stated show a cause of action."

The sustaining of branch (a) and the finding that Traveler's has no legal capacity to sue in no way affects plaintiff Englander's right of recovery against the defendant.

Plaintiffs Englander and Traveler's may appeal to this court only from a final order of the trial court, and so far as applicable to this case a final order is defined by Section 2505.02, Revised Code, to be:

"An order affecting a substantial right in an action which

309

in effect determines the action and prevents a judgment, an order affecting a substantial right made in a special proceeding * * * ."

We are of the opinion that, as to plaintiff Englander, he has no final order from which to appeal. None of his substantial rights are affected, nothing has been done which as to him determines the action or prevents a judgment. The trial court having determined by the demurrer that the facts stated in the petition constitute a cause of action, he is at liberty to proceed.

Therefore, as to plaintiff Englander the appeal is dismissed.

We are further of the opinion that as to Traveler's the same is true. It is still a party to the case. It made no attempt to sue the defendant, and as far as its so-called "interpleader" is concerned it merely states the facts of its contracts with Englander and asks that its rights be protected. It now has no right to sue Englander. It merely has a claim against the judgment, or the proceeds thereof, which may only be asserted at some time in the future, when, as, and if Englander should recover such a judgment. The action of the trial court in no manner affects its substantial rights. No action has been determined against it. No judgment in its favor has been prevented.

Therefore, as to Traveler's the appeal is dismissed.

*Appeal dismissed.*

GUERNSEY, P. J., and MIDDLETON, J., concur.